IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| SKIPPER LAMAR JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 319-009 |
| ) | |
| MARILYN H. CALLAWAY; ANTIONE ) | |
| CALDWELL, Warden; and FORREST ) | |
| LESTER, Chaplain, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Valdosta State Prison in Valdosta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred at Johnson State Prison ("JSP") in Wrightsville, Georgia. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I. SCREENING OF THE COMPLAINT**

**A. BACKGROUND**

Plaintiff names as Defendants: (1) Marilyn H. Callaway, deceased; (2) Antione Caldwell, Warden of JSP; and (3) Forrest Lester, chaplain. (Doc. no. 1, pp. 1.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff's birth mother, Defendant Marilyn H. Callaway, who is now deceased, hid her relationship to Plaintiff for his entire life. (Id. at 5.) Ms. Callaway colluded and conspired with Glynn County Law Enforcement to keep him in prison even though she knew the charges of child molestation were false. (Id.) Plaintiff was arrested for these charges in 1999 in Glynn County, Georgia. (Id.)

Plaintiff alleges Warden Caldwell and Chaplain Lester colluded and conspired against all female officers of JSP by exploiting them sexually without their knowledge. (Id.) Messrs. Caldwell and Lester dispersed packages of lubricant "intended for mastibitorary[sic] purposes" to all inmates of JSP. (Id.) Plaintiff alleges this amounted to sexual exploitation of the female officers in the workplace, violating their civil rights. (Id.) Messrs. Caldwell and Lester also put the female officers' lives in jeopardy because there is very little security at JSP. (Id.)

As relief, Plaintiff requests "justice . . . against Marilyn H. Callaway's estate." (Id.) He also requests "justice" for the women officers of JSP who were wrongfully exploited for "mastibiatory[sic] purposes through a Christmas Jack Package." (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."

Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiffs Fails to State a Claim Against Defendants Because His Allegations Are Clearly Baseless

Plaintiff fails to state a viable claim against the estate of Ms. Callaway for colluding to keep him in prison on allegedly false charges and against Messrs. Caldwell and Lester for exploiting the female officer of JSP because such claims are frivolous. A claim is frivolous where "it relies on factual allegations that are 'clearly baseless,' which includes allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Gary v. United States Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). Stated otherwise, "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id.

Here, Plaintiff's claims are clearly baseless. Plaintiff offers no evidence describing how Ms. Callaway colluded with Glynn County, and even if he did, the Supreme Court held, when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Beyond a bare assertion of charges being false, Plaintiff has not properly shown his imprisonment was invalid. As to Messrs. Caldwell and Lester, without more than Plaintiff's fanciful and unsubstantiated allegations, there is no indication Plaintiff was harmed, let alone Messrs. Caldwell and Lester's action resulted in constitutional violation. Further, Plaintiff cannot bring claims on behalf of female officers of JSP who were allegedly harmed. See Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (refusing to allow prisoner plaintiff to bring case on behalf of Muslim inmates); Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (holding pro se inmate could not assert claim for equitable relief on

behalf of fellow inmates).[1]  Therefore, Plaintiff fails to state a claim upon which relief can be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**.

SO REPORTED this 7th day of May, 2019, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.